NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUCIA CORRAO,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1223

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-416, Chief Judge Robert N. Davis.

---

Decided: April 9, 2018

---

LUCIA CORRAO, St. Francis, WI, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; BRIAN D. GRIFFIN, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Lucia Corrao ("Corrao") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the Board of Veterans' Appeals' ("the Board") decision denying her entitlement to recognition as the surviving spouse of deceased veteran Michael R. Vossekuil for purposes of dependency and indemnity compensation ("DIC"). *See Corrao v. Shulkin*, No. 17-0416, 2017 WL 4804554, at *2 (Vet. App. Oct. 25, 2017). For the reasons that follow, we *dismiss* the appeal.

## BACKGROUND

Corrao is the former spouse of Michael R. Vossekuil, a deceased veteran who served on active duty in the United States Marine Corps from April 1972 to May 1975. Corrao and the veteran married in the late 1980s and divorced in March 1992. The veteran died in September 2004. After his death, Corrao filed a claim at the Department of Veterans Affairs ("VA") Regional Office in Milwaukee, Wisconsin ("Regional Office") for entitlement to recognition as the veteran's surviving spouse for purposes of DIC. *See* 38 U.S.C. § 1310 *et seq.*

Following an unfavorable decision by the Regional Office, Corrao appealed to the Board. The Board found that Corrao did not qualify as a "surviving spouse," because she was not legally married to the veteran at the time of his death. *See* 38 U.S.C. § 101(3) ("The term 'surviving spouse' means . . . a person who was the spouse of a veteran at the time of the veteran's death."). Corrao and the veteran divorced in 1992, and the veteran died in 2004. Furthermore, the Board found that the exception of "a *separation* which was due to the misconduct of, or procured by, the veteran without the fault of the spouse,"

did not apply in this instance because Corrao and the veteran were divorced, not separated. *See id.* (emphasis added). Corrao appealed to the Veterans Court.

The Veterans Court concluded that the Board did not clearly err in finding that Corrao did not qualify as the veteran's surviving spouse for DIC purposes because she and the veteran were divorced at the time of his death. *See Corrao*, 2017 WL 4804554, at *2. Corrao timely appealed to this court.

## DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Corrao argues that the Veterans Court erred in the interpretation of a statute or regulation, and also that under 38 C.F.R. § 3.55, she had a "situational divorce, . . . rather than a domestic divorce," which exempts her from being denied DIC. Appellant's Br. 2. The government responds that the Veterans Court did not engage in interpretation of any statute or regulation, and, therefore, this court does not have jurisdiction to review the Veterans Court's decision. And even if this court finds that there is jurisdiction, the government argues that § 3.55 is inapplicable because it only addresses the potential eligibility of a surviving spouse who remarries, and does not apply to Corrao, who was not married to the veteran at the time of his death.

We agree with the government that we do not have jurisdiction to review the Veterans Court's application of

law as applied to the facts of this case. Corrao challenges the Board's application of law, which requires a claimant to be married to the veteran at the time of the veteran's death in order to be eligible for DIC benefits as the surviving spouse, to the facts of her case, which are that Corrao was divorced from the veteran at the time of his death. Because that application is outside the scope of our review, the appeal is dismissed for lack of jurisdiction.

We have considered the remaining arguments, but conclude that they are without merit.

## CONCLUSION

For the foregoing reasons, we dismiss for lack of jurisdiction.

## DISMISSED

## COSTS

No costs.